## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| IN THE ESTATE OF | § | |
| | § | |
| PHILLIP TERRY ELLIS, | § | |
| | § | |
| DECEASED | § | |

| | | |
|---|---|---|
| JAMES A. ELLIS AS INDEPENDENT | § | |
| REPRESENTATIVE OF THE ESTATE OF | § | |
| PHILLIP TERRY ELLIS, | § | |
| | § | Civil Action No.  6:23-cv-137 |
|    Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| FINANCE OF AMERICA REVERSE, LLC | § | |
| and WILMINGTON SAVINGS FIND | § | |
| SOCIETY, FSB, as TRUSTEE FOR | § | |
| FINANCE OF AMERICA STRUCTURED | § | |
| SECURITIES ACQUISITION TRUST 2018- | § | |
| HB1, | § | |
| | | |
|    Defendants. | | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. Section 1446(a), Defendant Wilmington Savings Find Society, FSB, as Trustee for Finance of America Structured Securities Acquisition Trustee 2018-HB1 ("Defendant"), files this notice of the removal of this action from the County Court at Law No. 2 of Henderson County, Texas. Defendant submits this Notice in support of removal. Removal is based on diversity jurisdiction. Defendant respectfully shows as follows:

### INTRODUCTION

1.      On or about March 3, 2023, Plaintiff James A. Ellis ("Plaintiff"), as Independent Executor for the Estate of Phillip Terry Ellis and the Estate of Janice Ellis (the "Estates") filed Plaintiff's *Application for Ex Parte Temporary Restraining Order and Request for Injunction* (the

"Petition") bearing Cause No. 240-2021CCL2, in the County Court at Law No. 2, Henderson County, Texas, styled *In the Estate of Phillip Terry Ellis, Deceased* (the "State Court Action").

2.  The allegations in the Petition relate to a Deed of Trust and foreclosure proceedings on Phillip Ellis's ("Decedent") real property and improvements located at 150 Pinehurst Drive, Mabank, Texas 750156 (the "Property"). (*See* Petition at §IV.) Plaintiff seeks injunctive relief to enjoin foreclosure. (*See id* at §V.) Plaintiff brings a sole request for the issuance of a temporary restraining order and permanent injunction against foreclosure along with damages, attorneys fees, and costs of court. (*See id* at § Request for Relief.)

3.  A true and correct copy of the Docket Sheet from the State Court Action is attached hereto as **Exhibit A.** In accordance with 28 U.S.C. Section 1446(a), copies of all process, pleadings, and orders served in the State Court Action relating to and filed after the *Application for Ex Parte Temporary Restraining Order*, including the Petition, are attached hereto within the contents of **Exhibit B**.

4.  This Notice of Removal is timely because thirty (30) days have not expired since the State Court Action was filed, making removal proper in accordance with 28 U.S.C. Section 1446(b).

5.  This action is removable to federal court pursuant to 28 U.S.C. Section 1441 because it could have been filed originally in this Court pursuant diversity jurisdiction conferred by 28 U.S.C. Section 1332.

## BASIS FOR REMOVAL – DIVERSITY JURISDICTION

**A.  There is diversity between among all properly joined parties.**

6.  There is diversity jurisdiction in this Court because there is complete diversity of citizenship between Plaintiff and Defendant, and more than $75,000 is in controversy, exclusive of interest and costs.  *See* 28 U.S.C. § 1332.

7.    As the legal representative of the estate of Decedent, Plaintiff is deemed an individual and citizen of the state of Texas pursuant to 28 U.S.C. § 1332(c)(2).

8.    Defendant Wilmington Savings Find Society, FSB, as Trustee for Finance of America Structured Securities Acquisition Trustee 2018-HB1 ("Wilmington") is not a citizen of Texas for diversity purposes and is considered a diverse party. Wilmington is the trustee of a traditional trust. When determining the citizenship of the real parties in interest for purposes of diversity jurisdiction, it is the citizenship of the trustee which controls, not the citizenship of the beneficiaries of the trust. *Navarro Sav. Assoc. v. Lee*, 446 F. Supp. 2d 261, 263 (S.D.N.Y. 2008). Wilmington is a national banking association organized under the laws of the United States. A national banking association organized under the laws of the United States is considered a citizen of the state in which it is "located." See 28 U.S.C. § 1348. A national bank is located only in the state of its main office as established in the bank's article of association. *See Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 318 (2006). According to its articles of association, Wilmington's main office is located in Wilmington, Delaware and, thus, Wilmington is a citizen of Delaware.

9.    Because Defendant and Plaintiff are citizen are citizens of different states, there is complete diversity among the parties. *See* 28 U.S.C. § 1332(a)(1).

**B.    Finance of America Reverse, LLC, was improperly joined.**

10.    The doctrine of improper joinder entitles a defendant to remove to federal court if an in-state defendant is improperly joined. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). Improper joinder occurs when the plaintiff is unable to establish a cause of action against the non-diverse defendant. *Id. Smallwood* recognizes two ways to establish improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* at 573 (internal citations

omitted).  The removing party bears the burden of proving that there is "no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* "This possibility [of recovery], however, must be reasonable, not merely theoretical." *Great Plains Trust Co. v. Morgan Stanley Deen Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002).

11.     In determining whether there is a reasonable basis to predict whether the plaintiff might recover against an in-state defendant, courts often utilize a Rule 12(b)(6) analysis. Rule 12(b)(6) provides for the dismissal of a complaint when a defendant shows that the plaintiff has failed to state a claim for which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal v. Ashcroft*, 556 U.S. 662 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual matter contained in the complaint must allege actual facts, not legal conclusions masquerading as facts. *Id.* at 1949–50. A complaint states a "plausible claim for relief when the factual allegations contained therein infer actual misconduct on the part of the defendant, not a mere possibility of misconduct." *Id.*; *see also Jacquez v. Procunier*, 801 F.2d 789, 791-92 (5th Cir. 1986).

12.     Plaintiff brings a sole request against Finance of America Reverse, LLC ("Finance of America") to enjoin foreclosure against the Property. (*See* Petition at §V.) For requested relief, Plaintiff has, again, only sought an injunction against the foreclosure. (*See id*.) It must also be noted that the Petition does not assert any factual allegation or claims as to why the foreclosure must be enjoined, only that it must be otherwise immediate and irreparable harm will occur for which there is no adequate remedy at law. On this basis alone, Plaintiff's request to enjoin foreclosure must be denied.

13.     While Plaintiff throws Wilmington and Finance of America into the same basket,

Plaintiff's claim is only against Wilmington. This is because there is no allegation that Finance of America, as the servicer, has any interest in the Property. The Petition states that it was Wilmington, as lender, who began the foreclosure proceedings. (*See* Petition at § IV). Further, Plaintiff clearly identifies Finance of America as the servicer for the loan. (*Id.* at § II) The only required party is the beneficiary of the Deed of Trust, Wilmington. *See Schmelzer v. Nationstar Mortgage, LLC*, No. 4:16-cv-389, 2016 U.S. Dist. LEXIS 108139, *12-13 (E.D. Tex. Aug. 16, 2016) (mortgage servicer is improperly joined in suit to declare mortgage lender's lien invalid); *see also Pittman v. Seterus, Inc.*, Civil Action No. 3:18-CV-3076-M-BH, 2019 U.S. Dist. LEXIS 97795, at *5 (N.D. Tex. May 13, 2019) (same); *Melgarejo v. Bank of Am., N.A.*, Civil Action No. 4:18-CV-87, 2019 U.S. Dist. LEXIS 50121, at *12 n.3 (E.D. Tex. Mar. 26, 2019) ("The Court additionally notes that because Defendant BANA is the mortgagee and Plaintiff only seeks injunctive relief to halt foreclosure proceedings against the Property, RMS, as mortgage servicer for BANA, is not a necessary or required party to the action"). Therefore, Plaintiff has failed to plead a viable underlying cause of action causing the request to enjoin foreclosure to fail as a matter of law.

14.    The allegations in the Petition do not support an independent cause of action against Finance of America, and it has been improperly joined. Plaintiff's request to enjoin foreclosure does not require Finance of America to be joined as a party. If Plaintiff were to prevail, the Court could enter a final judgment against Wilmington for the full relief requested.

15.    The consent to removal by Finance of America is not required because it was improperly joined. *See Vasquez v. Wal-Mart Associates, Inc.*, No. 3:11-cv-2739-G, 2012 WL 2715691, at *2 (N.D. Tex. July 9, 2012) ("a removing defendant is not required to obtain the consent of any defendant who has been improperly joined") (citing *Jernigan v. Ashland Oil, Inc.*,

989 F.2d 812, 815 (5th Cir. 1993)).

      **C.**    **Plaintiff's request to enjoin foreclosure exceeds $75,000.00.**

    16.    The amount in controversy exceeds the sum or value of $75,000.00. In the Fifth Circuit, when injunctive relief is sought, the amount in controversy is measured by the value of the object of the litigation, and the value of that right is measured by the losses that will follow. *Webb v. Investacorp, Inc*. 89 F.3d 252, 256 (5th Cir. 1996).  Stated differently, "the amount in controversy, in an action for declaratory and injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented." *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983); *see also Lamarr v. Chase Home Finance, LLC*, 2008 WL 4057301 (N.D. Miss. 2008) (finding amount in controversy requirement was satisfied where plaintiff sought to set aside foreclosure sale and home appraised for $83,000.00, plus unspecified amount of monetary damages); *Bank of America National Trust and Sav. Assoc. v. Reeves*, 1995 WL 96617, *1 (E.D. La. 1995) (court held that the amount in controversy was met in action seeking to enjoin foreclosure on property because the suit "puts at issue the entire value of the property on which they attempt to enjoin defendants from foreclosing.").

    17.    "Reasonable bases for valuing properties include 'purchase price, market value, or outstanding principal and interest.' This court considers market value to be the preferred method." *McPherson v. Bank of Am., N.A.*, No. H-16-3498, 2016 U.S. Dist. LEXIS 180115, at *6 (S.D. Tex. Dec. 30, 2016) (citations omitted).

    18.    Plaintiff seeks injunctive relief prohibiting Defendant from foreclosing on the Property. (*See* Petition at § V.)

    19.    As a result, Plaintiff has put an amount in controversy equal to the value of the Property. The Henderson Central Appraisal District's most recent valuation of the Property shows

a total assessed value of the Property at $761,742.00 (*See* Exhibits C, C-1). For this reason alone, the amount in controversy exceeds $75,000.00.

20.    Defendant categorically denies Plaintiff is entitled to an award of damages in any amount or any of relief requested in Plaintiff's Petition, but there can be no question that the Petition places an amount in controversy that significantly exceeds $75,000.00.

## VENUE

21.    Venue for removal is proper in this district and division, the United States District Court for the Eastern District of Texas, Dallas Division, under 28 U.S.C. Section 1441(a) because this district and division embrace the County Court at Law No. 2, Henderson County, Texas, the forum in which the removed action was pending.

## NOTICE

22.    Pursuant to 28 U.S.C. Section 1446(d), a copy of this Notice is being filed with the Clerk of Court for the County Court at Law No. 2, Henderson County, Texas.

23.    The contents of **Exhibit B** constitute the entire file of the State Court Action.

## CONCLUSION

For the reasons described above, Defendant respectfully requests this Court take jurisdiction over this matter and proceed as if it had been originally filed herein.

Respectfully submitted,

By: */s/ Mark D. Cronenwett*
 **MARK D. CRONENWETT**
 Attorney in Charge
 Texas Bar No. 00787303
 mcronenwett@mwzmlaw.com

 **RACHAEL SWERNOFSKY**
 Texas Bar No. 24097169
 rswernofsky@mwzmlaw.com

 **SUZANNE SUAREZ**
 Texas Bar No. 24076723
 ssuarez@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P.C.**
14160 North Dallas Parkway, Suite 900
Dallas, TX 75254
Telephone: (214) 635-2650
Facsimile: (214) 635-2686

**ATTORNEYS FOR DEFENDANT**
**WLMINGTON SAVINGS FIND SOCIETY,**
**FSB**

**List of all Counsel of Record**

For Plaintiff:

James Balen
7557 Rambler Road. Suite 850,
Dallas, Texas 75231
Telephone: (214) 866-0133
jbalen@dallasprobatelaw.com

For Defendant Wilmington Savings Find Society, FSB

Mark D. Cronenwett
Texas Bar No. 00787303
mcronenwett@mwzmlaw.com

Rachael Swernofsky
Texas Bar No. 24097169
rswernofsky@mwzmlaw.com

Suzanne Suarez
Texas Bar No. 24076723
ssuarez@mwzmlaw.com

Mackie Wolf Zientz & Mann, P. C.
14160 North Dallas Parkway
Dallas, TX 75254
(214) 635-2650 Telephone
(214) 635-2686 Facsimile

## INDEX OF DOCUMENTS ATTACHED

Exhibit A        Copy of the Docket Sheet for Cause No. 240-2021CCL in the County Court at Law No. 2, Henderson County, Texas;

Exhibit B        Pleadings in Cause No. 240-2021CCL in the County Court at Law No. 2, Henderson County, Texas;

      B-1        Application for Ex Parte Temporary Restraining Order and Request for Injunction, March 3, 2023;

      B-2        Temporary Restraining Order, March 3, 2023

      B-3        Cover Letter regarding agreed Extension of temporary Restraining Order, March 13, 2023

      B-4        Agreed Extension of Temporary Restraining Order, March 13, 2023

      B-5        Signed Order on Agreed Extension of Temporary Restraining Order, March 14, 2023

Exhibit C        Declaration of Mark D. Cronenwett;

      C-1        Print out from the Henderson County, Texas Appraisal District web-site, March 9, 2023; and

## <u>CERTIFICATE OF SERVICE</u>

The undersigned further certifies that on March 20, 2023, a true and correct copy of the foregoing document was delivered via regular United States mail to the following counsel of record:

James Balen
7557 Rambler Road. Suite 850,
Dallas, Texas 75231

*/s/ Mark D. Cronenwett*
**MARK D. CRONENWETT**